**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Anthony Alcoser, ) | No. CIV 13-010-TUC-LAB |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Charles L. Ryan; et al., ) | |
| Respondents. ) | |

Pending before the court is an amended petition for writ of habeas corpus filed on May 30, 2013, by Joseph Anthony Alcoser, an inmate confined in the Arizona State Prison Complex in Florence, Arizona. (Doc. 12)  Alcoser claims (1) "They didn't follow the due process of witnesses also sentencing procedures even the criminal procedures like double jeopardy falling again on the same witnesses," (2) "The sentence was handed down to[o] harsh of times . . ., and (3) "The counsel was not discovering evidence, witnesses, colorable claims." (Doc. 12)

Magistrate Judge Bowman presides over this action pursuant to 28 U.S.C. § 636(c). (Doc. 17)  The petition will be denied.  It is time-barred.

Summary of the Case

Alcoser was convicted after a jury trial of first degree murder. (Doc. 18-1, p. 12)  On April 17, 1996, the trial court gave Alcoser a sentence of imprisonment for his natural life. (Doc. 13-1, p. 16)

On direct appeal, Alcoser argued (1) his sentence was improper, (2) the evidence was insufficient to find felony murder, (3) the trial court should have given a lesser included instruction, (4) the trial court should have permitted impeachment of witness Montano, (5) the trial court erred by "death qualifying" the jury, and (6) the prosecutor's closing argument was error. (Doc. 18-1, p. 23) Nevertheless, the Arizona Court of Appeals affirmed Alcoser's conviction and sentence on May 29, 1997. (Doc. 18-2, p. 38) The Arizona Supreme Court denied Alcoser's petition for review on December 16, 1997. (Doc. 18, p. 3) Alcoser did not file a petition for review with the U.S. Supreme Court. (Doc. 18, p. 4)

On February 6, 1998, Alcoser filed notice of post-conviction relief. (Doc. 18, p. 3) He argued (A) trial counsel was ineffective for failing to present mitigating evidence at sentencing and (B) an intervening change in the law affected the burden of proof. (Doc. 18, p. 3) The trial court denied the petition on December 9, 1998. (Doc. 18-3, pp. 17, 21)  The Arizona Court of Appeals granted review but denied relief on July 27, 1999. (Doc. 18-3, p. 55) Alcoser did not file a petition for review with the Arizona Supreme Court. (Doc. 18, p. 3)

On May 30, 2013, Alcoser filed the pending amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 12)  Alcoser claims (1) "They didn't follow the due process of witnesses also sentencing procedures even the criminal procedures like double jeopardy falling again on the same witnesses," (2) "The sentence was handed down to[o] harsh of times . . ., and (3) "[T]he counsel was not discovering evidence, witnesses, colorable claims." (Doc. 12)

On July 23, 2013, the respondents filed an answer arguing among other things that the petition is time-barred. (Doc. 18) Alcoser did not file a reply but did file two notices captioned "[New finding of probate cause] Rule 5.5" (Docs. 19, 21) He also filed what appears to be a notice of appeal with the Ninth Circuit, which apparently was forwarded to the district court. (Doc. 23)  The respondents are correct.  The petition is time-barred.

//

//

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The petition, however, must be filed within the applicable statute of limitations or it will be dismissed. The statute of limitations reads in pertinent part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1) & (d)(2). The "one-year statute of limitations . . . applies to each claim in a habeas application on an individual basis." *Mardesich v. Cate*, 668 F.3d 1164, 1170 (9th Cir. 2012).

The limitation period for each of Alcoser's claims was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Alcoser was sentenced on April 17, 1996. (Doc. 13-1, p. 16) His direct appeal was denied on May 29, 1997. (Doc. 18-2, p. 38) The Arizona Supreme Court denied his petition for review on December 16, 1997. (Doc. 18, p. 3) Alcoser then had 90 days to petition the U.S. Supreme Court for review. Sup. Ct. R. 13. When he did not do so, his judgment became final on March 16, 1998. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

The one-year limitation period did not begin to run immediately because Alcoser's post-conviction relief petition was pending at this time. *See* 28 U.S.C. § 2244(d)(2). Tolling pursuant to § 2244(d)(2) continued until the Arizona Court of Appeals denied relief on July 27, 1999. (Doc. 18-3, p. 55) The limitation period began to run the next day and expired July 27, 2000. Approximately 13 years later, Alcoser filed his petition in this court. It is time-barred.

- 3 -

Alcoser did not explain in his petition why the one-year statute of limitations does not bar his petition. (Doc. 11, p. 19) He did not file a reply arguing the limitation period should be equitably tolled.

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases, requires that in habeas cases "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Here, the court declines to issue a certificate of appealability because the petitioner has not "made a substantial showing of the denial of a constitutional right," as required under 28 U.S.C. § 2253(c)(2). Reasonable jurists would not find the court's conclusions and ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly,

IT IS ORDERED that the amended petition for writ of habeas corpus filed on May 30, 2013, by Joseph Anthony Alcoser, is DISMISSED as time-barred.

IT IS FURTHER ORDERED denying the petitioner a certificate of appealability.

The Clerk is directed to prepare a judgment and close the case.

DATED this 29th day of April, 2014.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge